# COMPOSITE EXHIBIT "A"

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA- PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br>**Tiffany A Matthews,**<br>     Debtor.<br>**Nationstar Mortgage LLC d/b/a Mr. Cooper,**<br>     Movant.<br>v.<br>**Tiffany A Matthews,**<br>     Debtor/Respondent.<br>**William C. Miller, Esq. Esquire,**<br>     Trustee/Respondent. | Bankruptcy No. 20-11085-amc<br><br>Chapter 13 |

### **STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY**

Secured creditor, Nationstar Mortgage LLC d/b/a Mr. Cooper, and Debtor, Tiffany A Matthews ("Debtor"), by and through their respective attorneys, hereby stipulate as follows:

### **I.     BACKGROUND:**

1. On November 3, 2006, Tiffany A Matthews("Debtor") executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $92,900.00.

2. The Mortgage was recorded on November 15, 2006, with the Delaware County Recorder of Deeds.

3. The Mortgage was secured as a lien against the property located in Delaware County commonly known as 1534 Rainer Road, Brookhaven, PA 19015 (the "Property").

4. The Note and Mortgage were lastly assigned to Nationstar Mortgage LLC d/b/a Mr. Cooper.

5. Debtor has defaulted under the terms of the Note and Mortgage by failing to make the monthly payments of principal, interest and escrow each in the amount of $924.48, which became due on September 1, 2020 and October 1, 2020.

6. Thus, Debtor's post-petition arrearage currently totals the sum of $1,835.84, (as there is

$13.12, in suspense).

7. Debtor further acknowledges that additional payments of principal, interest and escrow currently in the amount of $924.48, per month shall become due under the Note and Mortgage on the 1st day of each successive month, beginning November 1, 2020, until the Note is paid in full. Debtor acknowledges that the monthly payment is subject to change and is responsible for same.

8. Nationstar Mortgage LLC d/b/a Mr. Cooper and Debtor desire to resolve Debtor's post-petition arrearage in accordance with the set forth terms below:

II. **STIPULATION FOR RELIEF FROM STAY**

1. Debtor confirms and acknowledges his obligations to Nationstar Mortgage LLC d/b/a Mr. Cooper under the Note and Mortgage.

2. Debtor further confirms and acknowledges failure to make the post-petition payments of principal, interest and escrow in the amount of post-petition arrearage as set forth above in paragraphs 5 and 6.

3. Debtor further confirms and acknowledges obligations to make the regular post-petition payments of principal and interest going forward from November 1, 2020, as set forth above in paragraph 7.

4. Debtor agrees to become current on post-petition obligations to Nationstar Mortgage LLC d/b/a Mr. Cooper by filing an Amended Chapter 13 Plan to include the post-petition default of $1,835.84 within thirty (30) days of the entry of this order.

5. Debtor further agrees to continue to make his regular post-petition payment of principal and interest in the amount of $924.48, (Debtor's acknowledges that the monthly payment is subject to change) which shall become due on the 1st day of each month beginning on November 1, 2020, until obligation to Nationstar Mortgage LLC d/b/a Mr. Cooper its

successors and/or assignees under the Note is paid in full.

6. In the event that Debtor converts to a Chapter 7 during the pendency of this Bankruptcy case, the Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion. Should the Debtor fail to cure the arrearage, Nationstar Mortgage LLC d/b/a Mr. Cooper will send Debtor's counsel a written notification of default of this Stipulation. If the default is not cured within fifteen (15) days of the notice, Nationstar Mortgage LLC d/b/a Mr. Cooper may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay.

7. In the event the Debtor should default on his obligations under this Stipulation by failing to make cure payments as set forth above in paragraph 4 and/or tender in full any of the payments described in paragraph 5, on or before the dates on which they are due, then Nationstar Mortgage LLC d/b/a Mr. Cooper, its successors and/or assigns shall serve Debtor's Attorney by fax, e-mail and/or regular mail, with written notification of default. In the event that Debtor fails to cure the default within fifteen (15) days of the date of the written notification, then, Nationstar Mortgage LLC d/b/a Mr. Cooper may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon Nationstar Mortgage LLC d/b/a Mr. Cooper or its assignee or successors may exercise its rights against the Mortgaged Property under the terms of this Stipulation without further notice to Debtor or the Order of this Court.

8. Additionally, Debtor agrees to not be permitted more than two (2) defaults from the date of the Stipulation. Debtor agrees that if defaults under the terms of this Stipulation more than two (2) times, then, without any further notice, Nationstar Mortgage LLC d/b/a Mr. Cooper, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon

Nationstar Mortgage LLC d/b/a Mr. Cooper, its successors and/or assigns may exercise its rights against the Mortgaged Property under the terms of this Stipulation.

9. Neither Nationstar Mortgage LLC d/b/a Mr. Cooper's consent to this Stipulation nor Nationstar Mortgage LLC d/b/a Mr. Cooper's acceptance of any payments tendered by Debtor shall be construed as a waiver of Nationstar Mortgage LLC d/b/a Mr. Cooper's right to proceed with or commence a foreclosure other legal action against Debtor under this Stipulation; however, Nationstar Mortgage LLC d/b/a Mr. Cooper agrees to credit Debtor's account for any payments made by Debtor in accordance with this Stipulation, the Note and/or Mortgage.

10. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

11. Debtor hereby certifies and confirms that terms of the Stipulation are reviewed the with Counsel that Debtor understands and is in agreement with the terms of this Stipulation, and that counsel has been authorized by Debtor to sign this Stipulation.

IT IS HEREBY STIPULATED:

By: /s/ Charles Wohlrab      Date: 11/02/2020
Charles Wohlrab
Robertson, Anschutz, Schneid & Crane, LLC
PA I.D 314532
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA 30097
Telephone: 973-575-0707
Facsimile: 973-404-8886
Email: cwohlrab@rascrane.com
*Attorney for Movant*

By: /s/ [signature]            Date: 10/26/2020
Brad J. Sadek
Sadek and Cooper
PA I.D. 90488
1315 Walnut Street, Suite 502
Philadelphia, PA 19107
Telephone: 215-545-0008
Fax: 215-545-0611
Email: brad@sadeklaw.com
*Attorney for Debtor*

By: /s/ Jack Miller            Date: 10/28/2020
William C. Miller, Esq.
P.O. Box 1229
Philadelphia, PA 19105          *Trustee have no objection to its terms,
Telephone: 215-627-1377         without prejudice to any of our rights and remedies
Email: ecfemails@ph13trustee.com
*Chapter 13 Trustee*

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA- PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:** <br> **Tiffany A Matthews,** <br>          Debtor. <br> **Nationstar Mortgage LLC d/b/a Mr. Cooper,** <br>          Movant. <br> v. <br> **Tiffany A Matthews,** <br>          Debtor/Respondent. <br> **William C. Miller, Esq. Esquire,** <br>          Trustee/Respondent. | **Bankruptcy No. 20-11085-amc** <br><br> **Chapter 13** |

## CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury that I am, and at all times hereinafter mentioned, was more than 18 years of age, that on November 2, 2020, I served a copy of the Stipulation Resolving Motion for Relief from Stay by first class U.S. Mail, postage prepaid or electronic mail at the following addresses:

Brad J. Sadek
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107

Tiffany A Matthews
1534 Rainer Road
Brookhaven, PA 19015

William C. Miller, Esq.
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Office of the U.S. Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

By: /s/ Charles Wohlrab
Charles Wohlrab, Esquire
Email: cwohlrab@rascrane.com

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA- PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br>**Tiffany A Matthews,**<br>    Debtor.<br><br>**Nationstar Mortgage LLC d/b/a Mr. Cooper,**<br>    Movant.<br><br>v.<br><br>**Tiffany A Matthews,**<br>    Debtor/Respondent.<br><br>**William C. Miller, Esq. Esquire,**<br>    Trustee/Respondent. | **Bankruptcy No. 20-11085-amc**<br><br>**Chapter 13** |

## ORDER OF COURT

AND NOW, this ___ day of _____, 2020, upon consideration of the foregoing Stipulation Resolving Motion for Relief from Stay, it is hereby ORDERED that the Stipulation is approved.

**Date: November 4, 2020**

_____

Judge Ashely M. Chan

# EXHIBIT "B"



| James Robertson, Esquire | Everett Anschutz, Esquire | David J. Schneid, Esquire | John Crane, Esquire |
|---|---|---|---|
| Member of Texas Bar | Member of Texas Bar | Member of Florida Bar | Member of Texas Bar |

September 6, 2023

Tiffany A Matthews
1534 Rainer Road
Brookhaven, PA 19015

BRAD J. SADEK
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102

VIA EMAIL AND CERTIFIED U.S. MAIL

RE: Notice of Default for Tiffany A Matthews; Case No: 20-11085-amc

Dear Sir/Madam,

I represent U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST C/O U.S. BANK TRUST NATIONAL ASSOCIATION, the servicer for mortgage on your client's property located at 1534 Rainer Road, Brookhaven, PA 19015. Please consider this letter a Notice of Default under the terms of the Stipulation and Order resolving the Motion for Relief of Stay (DE 37) ("Stipulation") and (DE 39) ("Order").

According to our client's records, the Debtor has not made the following mortgage payment pursuant to the Stipulation. In accordance with the Stipulation, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST C/O U.S. BANK TRUST NATIONAL ASSOCIATION, hereby provides notice demanding the default be cured within fifteen (15) days of the date of this notice.

The breakdown of the Debtor's default is as follows:

Payments Due:

| | |
|---|---|
| Payments Past Due – 03/1/2023-04/1/2023 @ $952.11/month | $1,904.22 |
| Payments Past Due – 05/1/2023-08/1/2023 @ $1,121.29/month | $4,485.16 |
| Suspense Balance | ($496.06) |
| **Total Amount Due to Cure Default:** | **$5,893.32** |

The address where payments should be sent is:

> **Selene Finance, LP**
> **Attn: BK Dept**
> **3501 Olympus Boulevard**
> **Dallas Texas  75019**

Pursuant to the Stipulation, failure to cure this default within fifteen (15) days from the date of this notice will result in U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST C/O U.S. BANK TRUST NATIONAL ASSOCIATION, filing an order terminating the automatic stay.

Please notify me once the payment has been sent, and please provide me with proof of the payment as well. Should you have any further questions, please feel free to contact me.

Sincerely,

/s/ Michelle L. McGowan

| Loan Number | |
|---|---|
| Case# | 20-11085 |
| BK Filed Date | 2/21/2020 |
| Borrower | Tiffany A Matthews |

| Payment Change | | | | |
|---|---|---|---|---|
| Effective Date | 11/1/2020 | 3/1/2021 | 3/1/2022 | 5/1/2023 |
| Amount | $924.48 | $931.35 | $952.11 | $1,121.29 |

## AGREED ORDER TRACKING

| Entered: | 11/2/2020 |
|---|---|
| Regular Payments Resume: | 11/01/2020 iao $924.48 |
| Arrears Repayment Terms: | Paid by plan |
| Strict Compliance Terms: | |

| Date Received | Amount Received | Amount Applied to Reg Pmt | Regular Payment Date | Amount Applied to Add Pmt | Add Pmt Date | To/From AO Suspense | AO Suspense Balance | AO Balance |
|---|---|---|---|---|---|---|---|---|
| 11/13/2020 | $930.00 | $924.48 | 11/01/20 | | | $5.52 | $5.52 | $0.00 |
| 12/21/2020 | $36.10 | | | | | $36.10 | $41.62 | $0.00 |
| 1/4/2021 | $924.00 | $924.48 | 12/01/20 | | | -$0.48 | $41.14 | $0.00 |
| 2/1/2021 | $924.00 | $924.48 | 01/01/21 | | | -$0.48 | $40.66 | $0.00 |
| 2/28/2021 | $940.00 | $924.48 | 02/01/21 | | | $15.52 | $56.18 | $0.00 |
| 3/31/2021 | $940.00 | $931.35 | 03/01/21 | | | $8.65 | $64.83 | $0.00 |
| 5/3/2021 | $940.00 | $931.35 | 04/01/21 | | | $8.65 | $73.48 | $0.00 |
| 5/31/2021 | $940.00 | $931.35 | 05/01/21 | | | $8.65 | $82.13 | $0.00 |
| 7/26/2021 | $940.00 | $931.35 | 06/01/21 | | | $8.65 | $90.78 | $0.00 |
| 8/19/2021 | $940.00 | $931.35 | 07/01/21 | | | $8.65 | $99.43 | $0.00 |
| 9/1/2021 | $940.00 | $931.35 | 08/01/21 | | | $8.65 | $108.08 | $0.00 |
| 11/1/2021 | $940.00 | $931.35 | 09/01/21 | | | $8.65 | $116.73 | $0.00 |
| 11/2/2021 | $931.35 | $931.35 | 10/01/21 | | | $0.00 | $116.73 | $0.00 |
| 11/30/21 | $268.39 | | | | | $268.39 | $385.12 | $0.00 |
| 12/27/21 | $935.00 | $931.35 | 11/01/21 | | | $3.65 | $388.77 | $0.00 |
| 02/17/22 | $935.00 | $931.35 | 12/01/21 | | | $3.65 | $392.42 | $0.00 |
| 02/25/22 | $186.30 | | | | | $186.30 | $578.72 | $0.00 |
| 03/28/22 | $950.00 | $931.35 | 01/01/22 | | | $18.65 | $597.37 | $0.00 |
| 04/30/22 | $950.00 | $931.35 | 02/01/22 | | | $18.65 | $616.02 | $0.00 |
| 06/06/22 | $950.00 | $952.11 | 03/01/22 | | | -$2.11 | $613.91 | $0.00 |
| 07/08/22 | $940.00 | $952.11 | 04/01/22 | | | -$12.11 | $601.80 | $0.00 |
| 08/19/22 | $940.00 | $952.11 | 05/01/22 | | | -$12.11 | $589.69 | $0.00 |
| 10/07/22 | $931.35 | $952.11 | 06/01/22 | | | -$20.76 | $568.93 | $0.00 |
| 10/31/22 | $931.35 | $952.11 | 07/01/22 | | | -$20.76 | $548.17 | $0.00 |
| 01/03/23 | $952.11 | $952.11 | 08/01/22 | | | $0.00 | $548.17 | $0.00 |
| 02/10/23 | $1,904.22 | $952.11 | 09/01/22 | | | $952.11 | $1,500.28 | $0.00 |
| 02/10/23 | | $952.11 | 10/01/22 | | | -$952.11 | $548.17 | $0.00 |
| 03/17/23 | $952.11 | $952.11 | 11/01/22 | | | $0.00 | $548.17 | $0.00 |
| 04/06/23 | $952.11 | $952.11 | 12/01/22 | | | $0.00 | $548.17 | $0.00 |
| 05/31/23 | $952.11 | $952.11 | 01/01/23 | | | $0.00 | $548.17 | $0.00 |
| 07/28/23 | $900.00 | $952.11 | 02/01/23 | | | -$52.11 | $496.06 | $0.00 |
| 09/15/23 | $1,200.00 | $952.11 | 03/01/23 | | | $247.89 | $743.95 | $0.00 |
| | | | | | | $0.00 | $743.95 | $0.00 |
| | | | | | | $0.00 | $743.95 | $0.00 |

| | Type | Date | Amount |
|---|---|---|---|
| Due For: | Reg | 04/01/23 | $952.11 |
| | Reg | 05/01/23 | $1,121.29 |
| | Reg | 06/01/23 | $1,121.29 |
| | Reg | 07/01/23 | $1,121.29 |
| | Reg | 08/01/23 | $1,121.29 |
| | Reg | 09/01/23 | $1,121.29 |
| | Suspense | | -$743.95 |
| | TOTAL | | $5,814.61 |

### To Be Paid By Debtor
#### AGREED ORDER ARREARS

| Payments | | | |
|---|---|---|---|
| From | To | Payment Amt | Total |
| | | | $0.00 |
| | | | $0.00 |
| | | | $0.00 |
| | | | $0.00 |
| Total Payments in Arrears | | | $0.00 |

| Fees/Costs | |
|---|---|
| Atty Fees/Costs | |
| Property Inspections | |
| Late Charges | |
| NSF | |
| Western Union Fees | |
| Appraisal | |
| Other | |
| Total Fees/Costs | $0.00 |
| Less Suspense Balance | |
| AGREED ORDER TOTAL | $0.00 |

### To Be Paid By Trustee
#### AGREED ORDER ARREARS

| Payments | | | |
|---|---|---|---|
| From | To | Payment Amt | Total |
| 09/01/20 | 10/01/20 | $924.48 | $1,848.96 |
| | | | $0.00 |
| | | | $0.00 |
| Total Payments in Arrears | | | $1,848.96 |

| Fees/Costs | |
|---|---|
| Atty Fees/Costs | |
| Property Inspections | |
| Late Charges | |
| NSF | |
| Western Union Fees | |
| Appraisal | |
| Other | |
| Total Fees/Costs | $0.00 |
| Less Suspense Balance | $13.12 |
| AGREED ORDER TOTAL | $1,835.84 |